*Tolland,*
August 1831.

West
*v.*
Anderson.

A doubt has been suggested, whether as the remarks on this part of the case to the jury, were not in the charge, they are the subject of a motion for a new trial.

When questions of law connected with the testimony, have been noticed, by the judge, in the charge to the jury, the after remarks upon the verdict are not to be caught at, as the ground of a motion for a new trial. But here was a point not noticed at all, by the judge in his charge, and followed by a direct effect upon the jury, evinced by an increase of damages, which can be accounted for upon no principle, except that stated by the judge when he returned the jury to a second consideration; and the party affected by it can have no remedy, except by a motion or a petition for a new trial, unless the plaintiff remits the damages. A petition would only add to the delay and expenses of the party injured; and no established rule prevents this court from doing what it is manifest must be done, in some way.

I am, therefore, of opinion, that the defendant, upon both points, is entitled to a new trial.

The other Judges were of the same opinion.

New trial to be granted.

—◁◆▷—

## STEARNES *against* RICHMOND.

Where after the trial of a cause and a verdict for the plaintiff, the defendant moved for a new trial; motions were drawn by counsel on both sides and handed to the judge, who, not being satisfied with either, requested one of the defendant's counsel to draw another, which he did; the judge was not satisfied with this, but allowed it *de bene esse,* and, after the close of the term and the adjournment of the court, wrote to the plaintiff's counsel, enclosing the one last mentioned, and requesting them to make one according to the facts in the case and return it, with the one enclosed; it was held, that no motion was completed and allowed according to law, and the case was erased from the docket.

THIS was an action for a libel, tried at *Tolland, October* term, 1830, before *Peters,* J. The plaintiff obtained a verdict; and the defendant moved for a new trial. A motion was accordingly drawn, by his counsel, and another by the counsel for the plaintiff; both of which were handed to the judge. But not being satisfied with either, he requested Mr. *Child,* one of

the defendant's counsel, to draw another "a little more like the case tried." Mr. *Child* then handed to the judge another; but this was not perfectly satisfactory. It being then near the close of the term and of the week, the judge allowed one of the motions *de bene esse*, and the court being adjourned, returned to *Hartford*. On the 30th of *October*, he wrote to Messrs. *Goddard* and *Strong*, of counsel for the plaintiff, stating these circumstances, enclosing the motion drawn by Mr. *Child*, and requesting them to make one according to the facts in the case, and return it to him with that enclosed, as soon as should be convenient. He added : " As we may expect a *hearing* before the Supreme Court of Errors, before the motion is finally settled, I hope you will not only be careful to state the case fairly and fully, but preserve in your memory and minutes a knowledge of the case. All I wish is, to have the case go up fairly ; though time and reflection have not created a doubt of the correctness of my decision." Nothing further was done until the the term of this Court, at *Tolland*, in *August*, 1831, when

*Goddard* and *Strong*, for the plaintiff, objected to the Court's receiving any motion for a new trial, on the ground that none had been completed and allowed by the judge, during the term at which the cause was tried, pursuant to the statute, approved *June* 3rd, 1830. *s.* 2. (*a*)

*Willey* and *J. W. Huntington*, contra.

*Per Curiam.* (*Peters*, J. giving no opinion.) The motion was not completed and allowed according to law. There is no motion before the Court ;—nothing which can be amended. Let the case be erased from the docket.

*Tolland*, August, 1831.

Stearnes *v.* Richmond.

Case erased from the docket.

___

(*a*) The 2nd section of the statute referred to, provides, " That every motion for a new trial, shall be completed, and a rule to shew cause granted, by the judge trying the cause, during the term at which said motion is filed, and before the adjournment of the court." *Stat. vol.* 2. *p.* 288.